UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARI ROBINSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>C&J WELL SERVICES, LLC, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:25-cv-00150-KES-CDB<br><br>ORDER ON STIPULATION AMENDING SCHEDULING ORDER <u>AS MODIFIED</u><br><br>(Docs. 10, 15) |

　　　　Plaintiff Kari Robinson ("Plaintiff") initiated this action with the filing of a complaint on January 3, 2025, in the Superior Court of California, County of Kern, Case No. BCV-25-100022. (Doc. 1). Defendants C&J Well Services, LLC ("C&J") and CJ Berry Well Services Management, LLC ("CJ Berry") (collectively, "Defendants") filed an answer to the complaint on February 4, 2025, and thereafter removed the state court action to this Court on February 6, 2025. *Id.* On May 5, 2025, the Court entered the operative scheduling order setting forth discovery, motion and pretrial and trial dates and deadlines. (Doc. 10).

　　　　Pending before the Court is the parties' stipulated request to amend the scheduling order, filed on September 23, 2025. (Doc. 15). The parties represent they have agreed to participate in a private mediation with mutually selected mediator Allison Eckstrom with a mediation date set for December 5, 2025. *Id.* at 2 (citing Doc. 15-1, Declaration of Sabrina A. Beldner ("Beldner Decl.") ¶ 8). The parties represent they would like to conserve resources and defer depositions and expert

discovery prior to mediation in order to devote such resources to informal resolution of the action. *Id.* The parties represent that good cause exists to continue only the fact and expert disclosure and discovery deadlines and the filing deadlines and hearing dates for non-dispositive and dispositive motions by 60 days so that the parties may focus on resolving the case at an upcoming mediation. *Id.* at 3. Counsel for Defendants declares that the requested continuance will not disrupt the trial date in the scheduling order. Belder Decl. ¶ 12.

Based on the parties' stipulated representations, the Court finds good cause exists to amend case management dates and deadlines of the scheduling order as set forth below to accommodate the parties' efforts at the upcoming private mediation.

**Conclusion and Order**

In light of the parties' representations in their stipulation (Doc. 15), and for good cause shown, it is HEREBY ORDERED that the scheduling order (Doc. 10) is amended as modified as follows:

| | |
|---|---|
| **Non-expert discovery** | **February 3, 2026** |
| **Expert disclosures** | **February 27, 2026** |
| **Rebuttal disclosures** | **March 17, 2026** |
| **Expert discovery** | **April 20, 2026** |
| **Non-dispositive motion filing** | **May 5, 2026** |
| **Non-dispositive motion hearing (CDB)** | **June 12, 2026, 10:30 AM** |
| **Dispositive motion filing** | **July 3, 2026** |
| **Dispositive motion hearing (KES)** | **August 17, 2026, 1:30 PM** |

All other case management dates and provisions of the operative scheduling order (Doc. 10) not in conflict with this order remain unchanged.

IT IS SO ORDERED.

Dated: **September 23, 2025**

UNITED STATES MAGISTRATE JUDGE